NO. 07-11-0007-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 31, 2011

_____

In re JACQUELINE NICOLE MILLER,

Relator

_____

***Memorandum Opinion on
Original Proceeding for Writ of
Mandamus***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jacqueline Nicole Miller requests a writ of mandamus from us directing the Honorable Ruben Reyes, 72nd District Court, Lubbock, Texas (trial court) "to vacate its order denying [her] Motion to Compel and Supplemental Motion to Compel." Through the motion to compel, Miller sought the discovery of mental health records developed by Dr. Karen Taylor and pertaining to Lauren Claire Culwell. The latter sued Miller to recover damages arising from an automobile accident. The trial court denied the motion.

Per the authority cited to us by Miller, her entitlement to mandamus relief is dependent upon illustrating, among other things, that she has no adequate remedy by appeal. And, her argument goes, "no adequate remedy by appeal [exists] to challenge

a discovery dispute when the party's ability to present a viable defense at trial will be impaired by the trial court's error." *In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (noting mandamus is appropriate when a discovery order severely compromises a party's ability to present any case at all at trial). That element purportedly exists here since being unable to obtain the mental health records from Dr. Taylor would prevent Miller from establishing that Culwell suffered from a particular mental condition prior to the car accident. Allegedly, the existence of a mental condition, such as depression, could be a triggering agent for fibromyalgia, a physical ailment for which Culwell seeks damages as a result of the collision. Furthermore, Miller hopes to prove that Culwell experienced depression or other mental conditions for reasons unrelated to the accident. Omitted from the argument, however, is any contention that the same information cannot be obtained from Culwell herself. Nor have we been cited to evidence of record illustrating that Culwell has not or will not discuss whether she suffered from 1) depression or 2) any other mental condition of the ilk sufficient to be the needed triggering agent. Given this, we cannot say that Miller carried her burden to prove that her ability to establish the desired defense would be severely compromised unless Culwell's doctor is forced to release her patient records.

The petition is denied.

Per Curiam